UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER,

        Plaintiff,                                         Case No. 1:24-cv-12738

v.                                                   Honorable Thomas L. Ludington
                                                        United States District Judge
TRANS UNION, LLC,

                                                        Honorable Patricia T. Morris
        Defendant.                                 United States Magistrate Judge
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S *PRO SE*, *IN FORMA PAUPERIS* COMPLAINT UNDER 28 U.S.C. § 1915**

On October 16, 2024, Plaintiff Antonio Lynn Fluker filed a *pro se* Complaint alleging Defendant Trans Union, LLC violated the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate hard inquiries on Plaintiff's credit report, which Plaintiff maintains were "fraudulent" and "inaccurate." ECF No. 1.

Plaintiff's complaint was filed in the Southern Division and initially assigned to Judge Laurie J. Michelson. *See* ECF No. 1 at PageID.1. On October 16, 2024, Judge Michelson issued an order directing Plaintiff to show cause why his case should not be dismissed for want of venue, ECF No. 6, and Plaintiff responded that his complaint "is a companion" to a largely analogous complaint previously filed in the Northern Division which the undersigned dismissed for lack of Article III standing in June 2024. *Fluker v. TransUnion, LLC*, No. 1:22-CV-12240, 2024 WL 3085174 (E.D. Mich. June 21, 2024), *appeal dismissed sub nom. Fluker v. Trans Union, LLC*, No. 24-1644, 2024 WL 4729428 (6th Cir. Sept. 5, 2024) [hereinafter *Fluker I*]. Indeed, in *Fluker I*, this Court dismissed Plaintiff's analogous claims against Trans Union because he did not show that Trans Union caused him any economic or monetary harm and the non-economic damages he

alleged "were insufficiently concrete and particularized."[1] *Id.* at *3-4; *see also id.* at *8 ("As with all of Plaintiff's alleged injuries, he says much but shows little."). Given Plaintiff's response, the above-captioned case was reassigned to the undersigned, ECF No. 10, who promptly referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 11.

On December 5, 2024, Judge Morris granted Plaintiff's application to proceed *in forma pauperis* ("IFP") ECF No. 12. And on December 19, 2024, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim under the Prisoner Litigation Reform Act's screening requirement, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1), which "applies equally to both prisoner and non-prisoner plaintiffs" who proceed IFP, *Giles v. Michigan Dep't of Health & Hum. Servs.*, No. 1:24-CV-10136, 2024 WL 1478861, at *2 (E.D. Mich. Apr. 5, 2024) (citing *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003)). ECF No. 13. Specifically, Judge Morris concluded that "[t]he instant case should be dismissed for the same reason that Fluker's claims against Trans Union were dismissed in *Fluker I*, namely that Fluker has failed to establish Article III standing." *Id.* at PageID.30. Indeed, Judge Morris aptly observed that Plaintiff's alleged injuries in this case are "the same or substantially similar" to those this "Court ruled were insufficient to establish Article III standing in *Fluker I*." *Id.* at PageID.31.

In accordance with Civil Rule 72, Judge Morris provided the Parties 14 days to object, *id.* at PageID.32, but they did not do so. Thus, the Parties have forfeited their right to appeal Judge

---

[1] *Fluker I* remains pending because in that case, unlike here, Plaintiff additionally pursued claims against Equifax Information Services, LLC, and these claims are stayed pending the certification of a putative class action pending against Equifax in the Northern District of Georgia. *See Fluker I*, at *1.

Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris's R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 13, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

**This is a final order and closes the above-captioned case.**

Dated: January 7, 2025                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge